IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

2007 MAR 15  P 3: 25

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| GWENDOLYN P. MCQUIRTER & CHARLES E. MCQUIRTER, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CASE NO. 2:07-CV-234-MEF ) ) |
| CITY OF MONTGOMERY and FICTITIOUS DEFENDANTS A – Z, whether singular or plural,  those individual employees, or former employees of the City of Montgomery, | ) ) ) ) ) ) |
| Defendants. | ) ) |

## NOTICE OF REMOVAL OF CIVIL ACTION

To the Honorable Judges of the United States District Court for the Middle District of Alabama, Northern Division:

**COMES NOW** Defendant, City of Montgomery, and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343, and hereby gives notice of the removal of the above-captioned civil action styled Gwendolyn P. McQuirter and Charles E. McQuirter, Plaintiffs  v. City of Montgomery and Ficititious Defendants A-Z, Defendants, Civil Action No: CV-07-900089, from the Circuit Court from Montgomery County, Alabama, where it is now pending, to the United States District Court for the Middle District  of Alabama, Northern Division.

As grounds for this removal, Defendant shows unto the Court and alleges as follows:

1.    Defendant City of Montgomery is a municipal corporation in Montgomery County,

1

Alabama.

2.    Plaintiffs, Gwendolyn P. McQuirter and Charles E.McQuirter are over the age of majority and resident citizens of Montgomery County, Alabama.

3.    This action styled Gwendolyn P. McQuirter and Charles E. McQuirter, Plaintiffs v. City of Montgomery and Ficititious Defendants A-Z, Defendants, Civil Action No.: CV-07-900089, was filed in the Circuit Court from Montgomery County, Alabama.

4.    This action is one over which this Court has original jurisdiction pursuant to 28 U.S.C. §1331, 42 U.S.C. §1983, 28 U.S.C. §1343, and may be removed by Defendants pursuant to 28 U.S.C. §1441(b) and 28 U.S.C. §1443.  Defendants remove this action pursuant to 28 U.S.C. §1441, 28 U.S.C. §1331, 28 U.S.C. §1343, 28 U.S.C. 1367 and 28 U.S.C. §1443.

5.    Plaintiff filed a Complaint with state law claims against multiple Defendants on February 8, 2007.  Defendant City of Montgomery received a copy of Complaint on February 13, 2007. The Amended Complaint filed in the Circuit Court of Montgomery County, Alabama on March 2, 2007 only named as Defendants, City of Montgomery and fictitious parties A-Z, as employees and former employees of the City of Montgomery. In the Amended Complaint, Plaintiff Gwendolyn McQuirter, added two new counts alleging violations of her rights secured by federal law pursuant to 42 U.S.C. §1983 claiming that Defendant, acting under color of law, deprived Plaintiff Gwendolyn McQuirter of her right to privacy and violation of the Driver Protection Act ("DPPA"), 18 U.S.C. §§ 2721-2725.    Plaintiffs also allege state law claims of Intentional Infliction of Emotional Distress, Libel Per Se, Slander Per Se, Invasion of Privacy and Loss of Consortium. Defendant has not filed an Answer to either the Complaint or the Amended Complaint.

6.    This notice of removal is timely filed with this Court within the thirty (30) day

2

limitations set forth in 28 U.S.C. §1446(b). This action became removable on March 5, 2007, which is the date Defendant was sent the copy of Plaintiffs' Amended Complaint. This Court has supplemental jurisdiction over all other claims of the Plaintiff pursuant to 28 U.S.C. §1367.

7.    This Notice of Removal is filed in this district and division pursuant to 28 U.S.C. §1446(a) and 28 U.S.C. §1443 as the court for the United States for the district and division within which such action is pending. Venue is proper pursuant to 28 U.S.C. §1391(b).

8.    A copy of the Amended Complaint served upon Defendant as well as the original Complaint and court file of the Circuit Court of Montgomery County, Alabama, in said action is attached hereto as Exhibit "A" and made a part hereof in accordance with 28 U.S.C. §1446(a).

9.    In accordance with 28 U.S.C. §1446(d), a true and correct copy of this notice of removal is being filed with the Clerk of the Circuit Court of Montgomery County, Alabama, and written notice thereof by service has been given to all adverse parties. A copy of the notice of filing of notice of removal is attached hereto as Exhibit "B".

10.    Pursuant to 28 U.S.C. §1446(b), a true and correct copy of this notice of removal is being filed with the Circuit Court of Montgomery County, Alabama.

11.    By filing this notice of removal, this Defendant does not waive any defense that may be available to the Defendant.

**WHEREFORE**, Defendant files this notice of removal so as to effect the removal of this action from the Circuit Court of Montgomery County, Alabama, to this court. Defendant prays this Honorable Court will make such other orders as may be appropriate to effect the preparation and filing of a true record in this cause so that all proceedings that may have been had in said Circuit Court are removed to this Court. Defendant further prays that the removal of this cause to this court

3

should be effected and that no further or other proceedings shall be had with respect to this cause in

the Circuit Court of Montgomery County, Alabama.

Respectfully submitted this the 15th day of March, 2007.

Kimberly O Fehl (FEH001)

**OF COUNSEL:**
Legal Department
City of Montgomery
Post Office Box 1111
Montgomery, Alabama 36101-1111
(334) 241-2050
(334) 241-2310 (fax)


## CERTIFICATE OF SERVICE

I hereby certify that I have mailed a copy of the above and foregoing to the attorneys listed

below by hand delivery or by placing a copy of same in the United States Mail, postage prepaid, this

15th day of March, 2007:


Jerry M. Blevins, Esq.
Law Office of Jerry M. Blevins
Hillwood Office Center
2800 Zelda Road, Suite 200-3
Montgomery, Alabama 36106


Of Counsel

4

ELECTRONICALLY FILED
3/6/2007 2:09 PM
CV-2007-900089.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
MELISSA RITTENOUR, CLERK

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | | |
|---|---|---|
| MCQUIRTER GWENDOLYN | ) | |
| MCQUIRTER CHARLES | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | Case No.:  03-CV-2007-900089.00 |
| | ) | |
| CITY OF MONTGOMERY, ALABAMA | ) | |
| THE ADVERTISER COMPANY | ) | |
| BAHAKEL COMMUNICATIONS, LTD. | ) | |
| RAYCOM MEDIA, INC. | ) | |
| Defendants | ) | |

## ORDER

MOTION FOR VOLUNTARY DISMISSAL filed by MCQUIRTER GWENDOLYN and MCQUIRTER CHARLES is hereby GRANTED.

DEFENDANT RAYCOM MEDIA, INC. IS HEREBY DISMISSED WITHOUT PREJUDICE.

DONE this 6th day of March, 2007

/s WILLIAM A. SHASHY
_____

CIRCUIT JUDGE

**EXHIBIT**

tabbies

_A_



**AlaFile E-Notice**

03-CV-2007-900089.00

Judge: WILLIAM A. SHASHY

To:  CITY OF MONTGOMERY, ALABAMA  (PRO SE)
C/O CITY CLERK-MRS. BREND
103 NORTH PERRY STREET
MONTGOMERY, AL 36104

---

# NOTICE OF COURT ACTION

---

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### GWENDOLYN P MCQUIRTER ET AL v. CITY OF MONTGOMERY, ALABAMA ET AL
### 03-CV-2007-900089.00

A court action was entered in the above case on 3/6/2007 2:10:00 PM

**C001 MCQUIRTER GWENDOLYN**

**C002 MCQUIRTER CHARLES**

**MOTION FOR VOLUNTARY DISMISSAL**

[Attorney: BLEVINS JERRY M]

| | |
|---|---|
| Disposition: | GRANTED |
| Judge: | WAS |

Notice Date:     3/6/2007 2:10:00 PM


**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950
melissa.rittenour@alacourt.gov

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| GWENDOLYN P. MCQUIRTER & CHARLES E. MCQUIRTER, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF MONTGOMERY, ALABAMA, a Municipal Corporation, and Fictitious Defendants A-Z, whether singular or plural, those individual employees, or former employees of the City of Montgomery, Alabama, who were responsible for or participated in the matters alleged in this complaint whose true names are unknown but will be added when ascertained, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Civil Action No.: CV-2007-900089-WAS

**JURY TRIAL DEMANDED**

## PLAINTIFFS' FIRST AMENDED COMPLAINT

**COMES NOW THE PLAINTIFFS**, Gwendolyn P. McQuirter and Charles E. McQuirter, by and through their undersigned counsel, and would show this Honorable Court as follows:

### Parties

1.    Plaintiff Gwendolyn P. McQuirter is over the age of nineteen (19) years and is a resident citizen of Montgomery County, Alabama. At all times mentioned herein Plaintiff was a private citizen/individual.

2.    Plaintiff Charles E. McQuirter is over the age of nineteen (19) years and is a resident citizen of Montgomery County, Alabama. At all times mentioned herein Plaintiff Charles E. McQuirter was/is the spouse of Plaintiff Gwendolyn McQuirter.

3.    Defendant City of Montgomery, Alabama is a body corporate, a municipality, formed and existing under the laws of the State of Alabama located in Montgomery County, State of Alabama. At all times mentioned herein, Defendant maintained a police agency known as the

1

Montgomery Police Department (hereinafter referred to as "MPD") comprised of employees of the City of Montgomery.

4.    Fictitious Defendants A-Z include the individuals who participated with the named Defendant in committing the wrongs alleged herein.  The fictitious Defendants include those individual employees, or former employees of the City of Montgomery, who were responsible for or participated in any way in the conduct made the basis of this lawsuit. Plaintiffs allege these Defendants committed the wrongs complained of herein within the line and scope of their employment with Defendant City of Montgomery.

### Factual Allegations

5.    Plaintiffs expressly adopt as if fully set forth herein the allegations of paragraphs 1-4 above.

6.    On or about September 15, 2006, the Special Operations Division of the MPD conducted a prostitution sting in the area of Mobile Highway in Montgomery, Alabama.

7.    As a result of the sting, undercover MPD police officers arrested ten (10) women for prostitution for allegedly offering sex for money. These ten (10) women were booked into the City Jail, fingerprinted and photographed.

8.    On information and belief, on or about September 16, 2006, the MPD provided photos and criminal histories of the women arrested to the Montgomery Advertiser, Channel 8 - WAKA (hereinafter referred to as "WAKA") and Channel 12 – WSFA (hereinafter referred to as "WSFA"), and, in some form, either orally and/or in writing, reported to these media outlets that each of these ten (10) women had been arrested and charged with the crime of prostitution.

9.    One of the photos released by the MPD was that of Plaintiff Gwendolyn McQuirter, however, Plaintiff Gwendolyn McQuirter was not one of the ten (10) women arrested for prostitution.

10.  On information and belief, employee(s) of Defendant City of Montgomery obtained

2

Plaintiff Gwendolyn McQuirter's drivers license photograph and other identifying information from her motor vehicle record and released the photograph and other identifying information to the Montgomery Advertiser, WAKA and WSFA, along with nine (9) other booking photographs of the women who were actually arrested by the MPD and charged with the crime of prostitution.

11.  On information and belief, WAKA and WSFA ran stories concerning the arrests on September 17, 18 & 19, 2006, and showed Plaintiff Gwendolyn McQuirter's photograph as well as identifying her by name as one of the individuals arrested for prostitution. Each of these televised broadcasts were seen by thousands of viewers.

12.  The Montgomery Advertiser also published a story concerning the arrests on September 17, 2006, and directed readers to view photographs of the suspects, to include Plaintiff Gwendolyn McQuirter, on its website – montgomeryadvertiser.com.  On information and belief, thousands of persons viewed the information concerning Plaintiff Gwendolyn McQuirter on this website.

13.  Once Plaintiffs learned of the media reports from friends and neighbors, immediate contact was made with the MPD and Plaintiff Gwendolyn McQuirter's information, including her photograph, was removed from the Montgomery Advertiser's website.

14.  The words published by Defendant City of Montgomery accusing Plaintiff Gwendolyn McQuirter of engaging in prostitution, were false and untrue.

15.  That over five days before the commencement of this action Plaintiff Gwendolyn McQuirter made a written demand upon Defendant City of Montgomery, its employees/agents, for a public correction and retraction of the defamatory accusations as set forth herein.

16.  Defendant City of Montgomery, its employees/agents, failed or refused to correct and retract in as prominent and public place or manner a full and fair retraction of the false allegations, within the time and manner provided by §§ 6-5-184 to 6-5-186, *Code of Alabama*

(1975).

17. Prior to the filing of this action, Plaintiffs filed itemized and verified claims with Defendant City of Montgomery as dictated by Alabama law. Said claims were denied on January 29, 2007.

**WHEREFORE, THE PREMISES CONSIDERED**, Plaintiffs demand judgment as follows:

a) compensatory and punitive damages against Defendant City of Montgomery, and its employees/agents identified as fictitious defendants A-Z, in excess of $10,000,000.00; &

b) Plaintiffs' further request and award of costs, attorney's fees and such other relief as may be just and proper.

## Count I – Intention Infliction of Emotional Distress

18. Plaintiffs expressly adopt as it set forth fully herein the allegations of 1-17 above.

19. Plaintiff Gwendolyn McQuirter avers that Defendants' conduct complained of herein was intended to or substantially certain to cause emotional distress.

20. Plaintiff Gwendolyn McQuirter avers that Defendants' conduct complained of herein was so outrageous and extreme that it went beyond all bounds of decency and was atrocious and utterly intolerable in a civilized society.

21. Plaintiff Gwendolyn McQuirter avers that no reasonable person could be expected to endure such conduct and that she thereby suffered extreme, severe emotional distress as a direct result of Defendants' actions.

## Count II – Libel Per Se

22. Plaintiffs expressly adopt as if fully set forth herein the allegations of paragraphs 1-21 above.

23. Prostitution is an indictable offense pursuant to §13A-12-210, et seq., *Code of Alabama*

4

(1975).

24.  The malicious, unlawful, unprivileged, and false accusations of prostitution by Defendants exposed Plaintiff Gwendolyn McQuirter to public ridicule or contempt.

25.  As a direct and proximate result of the false, wrongful, and malicious accusations by Defendants, Plaintiff Gwendolyn McQuirter has been disgraced; Plaintiff's good name and character tarnished; and Plaintiff has suffered embarrassment, humiliation, shame and mental anguish.

### Count III – Slander Per Se

26.  Plaintiffs expressly adopt as if fully set forth herein the allegations of paragraphs 1-25 above.

27.  Prostitution is an indictable offense involving infamy or moral turpitude.

28.  The malicious, unlawful, unprivileged, and false oral accusation(s) of prostitution by Defendants, exposed Plaintiff Gwendolyn McQuirter to disgrace, ridicule, odium, and contempt in the estimation of friends and acquaintances, and the public, with resulting damage to her reputation.

29.  As a direct and proximate result of the false, wrongful, and malicious accusations by Defendants, Plaintiff Gwendolyn McQuirter has been disgraced; Plaintiff's good name and character tarnished; and Plaintiff has suffered embarrassment, humiliation, shame and mental anguish.

### Count IV – Invasion of Privacy

30.  Plaintiffs expressly adopt as if fully set forth herein the allegations of paragraphs 1-29 above.

31.  The allegations made by Defendants placed Plaintiff Gwendolyn McQuirter in a false-light in the public eye.

32.  Said invasion of privacy was intentional and was done in such a manner as to cause outrage or mental suffering, shame, or humiliation to Plaintiff Gwendolyn McQuirter.

33.  As a direct and proximate result of Defendant's actions, Plaintiff Gwendolyn McQuirter has been injured.

### Count V – Loss of Consortium

34.  Plaintiffs expressly adopt as if fully set forth herein the allegations of paragraphs 1-33 above.

35.  As a direct and proximate result of Defendants' actions, Plaintiff Charles McQuirter has been deprived of conjugal fellowship, the right of company, society, co-operation, affection, and aid of Plaintiff Gwendolyn McQuirter, as existed prior to the date of the events complained of herein.

36.  As a direct and proximate result of Defendants' actions as described herein, Plaintiff Charles McQuirter has sustained injuries/damages.

### Count VI – Violation of Driver Privacy Protection  Act

37. Plaintiffs expressly adopt as if set forth fully herein the allegations of paragraphs 1-36 above.

38.  The Driver Privacy Protection Act ("DPPA"), codified at 18 U.S.C. § 2721-2725, created a statutory right to privacy in motor vehicle record information.

39.  The DPPA prohibits the release of personal information contained in individual motor vehicle records without the express consent of the person to whom such personal information pertains.

40.  Plaintiff Gwendolyn McQuirter avers that Defendants' wrongful actions, in obtaining her drivers license photograph and other information from her motor vehicle record, and releasing this information to the media and the general public, was not a permissible use under the DPPA

and was violative of the DPPA.

41. Plaintiff Gwendolyn McQuirter avers that the DPPA was enacted and designed to protect the class of persons that include Plaintiff Gwendolyn McQuirter and was designed to prevent the type of harm suffered by Plaintiff.

42. As a direct and proximate result of Defendants' actions as described herein, Plaintiff Gwendolyn McQuirter has sustained injuries/damages.

### Count VI - 42 U.S.C. § 1983

43. Plaintiffs expressly adopt as if set forth fully herein the allegations of paragraphs 1-42 above.

44. The violation of the DPPA as alleged in ¶¶ 37-42, was committed by Defendants under color of state law.

45. Defendants actions violated the statutory right to privacy granted to Plaintiff Gwendolyn

McQuirter by the DPPA.

46. Defendants' actions in violating the DPPA deprived Plaintiff Gwendolyn McQuirter of rights secured by federal law and, as such, is actionable under 42 U.S.C. § 1983.

47. As a direct and proximate result of Defendants' actions, which Plaintiff Gwendolyn McQuirter alleges was committed maliciously and willfully, Plaintiff Gwendolyn McQuirter has been injured/damaged.

**RESPECTFULLY SUBMITTED** on this the 2nd day of March, 2007.

_____

JERRY M. BLEVINS (BLE003)
Counsel for Plaintiffs

7

OF COUNSEL:
Law Office of Jerry M. Blevins
Hillwood Office Center
2800 Zelda Road, Suite 200-3
Montgomery, Alabama 36106
(334) 262-7600 (Voice)
(334) 262-7644 (Fax)
E-Mail: ATTYJMBlev@aol.com

## PLAINTIFFS DEMANDS A TRIAL BY JURY

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon:

City of Montgomery, Alabama
c/o Walter R. Byars, Esq.
P.O. Box 1111
Montgomery, Alabama 36101-1111

by electronic transmission and/or by depositing a copy of the same in the U.S. Mail, postage prepaid this the 2nd day of March, 2007.

Jerry M. Blevins

8

ELECTRONICALLY FILED
3/2/2007 7:52 AM
CV-2007-900089.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
MELISSA RITTENOUR, CLERK

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

GWENDOLYN P. MCQUIRTER, et al.,      )
                                     )
           Plaintiffs,               )
                                     )
vs.                                  )      Civil Action No.:  CV-2007-900089-WAS
                                     )
CITY OF MONTGOMERY, et al.,          )
                                     )
           Defendants.               )

## PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL OF DEFENDANT RAYCOM MEDIA, INC.

**COMES NOW** the Plaintiffs, Gwendolyn & Charles McQuirter, by and through their

undersigned counsel, and moves the Court for voluntary dismissal of Defendant Raycom Media,

Inc., from the pending action, without prejudice.


                          /s Jerry M. Blevins
                          JERRY M. BLEVINS (BLE003)
                          Counsel for Plaintiffs


OF COUNSEL:
Law Office of Jerry M. Blevins
Hillwood Office Center
2800 Zelda Road, Suite 200-3
Montgomery, Alabama 36106
(334) 262-7600 (Voice)
(334) 262-7644 (Fax)


1

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a copy of the foregoing upon:

> City of Montgomery
> c/o Walter R. Byars, Esq.
> P.O. Box 1111
> Montgomery, Alabama 36101-1111
>
> Raycom Media, Inc.
> c/o Robert M. Sherman, Esq.
> Covington & Burling, LLP
> 1201 Pennsylvania Avenue, N.W.
> Washington, D.C. 20004-2401

by electronic transmission and/or depositing a copy of the same in the U.S. Mail, postage prepaid this the 2nd day of March, 2007.

> <u>/s Jerry M. Blevins</u>
> Jerry M. Blevins

2





**AlaFile E-Notice**

03-CV-2007-900089.00
Judge: WILLIAM A. SHASHY

To:  CITY OF MONTGOMERY, ALABAMA  (PRO SE)
C/O CITY CLERK-MRS. BREND
103 NORTH PERRY STREET
MONTGOMERY, AL 36104

---

# NOTICE OF ELECTRONIC FILING

---

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### GWENDOLYN P MCQUIRTER ET AL v. CITY OF MONTGOMERY, ALABAMA ET AL
### 03-CV-2007-900089.00

The following matter was FILED on 3/2/2007 7:52:36 AM

**C001 MCQUIRTER GWENDOLYN**

**C002 MCQUIRTER CHARLES**

**MOTION FOR VOLUNTARY DISMISSAL**

[Attorney: BLEVINS JERRY M]

Notice Date:       3/2/2007 7:52:36 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950
melissa.rittenour@alacourt.gov

| **STATE OF ALABAMA**<br>Unified Judicial System | Revised 2/14/05 | **Case** | ELECTRONICALLY FILED<br>3/2/2007 7:52 AM<br>CV-2007-900089.00<br>CIRCUIT COURT OF<br>MONTGOMERY COUNTY, ALABAMA<br>MELISSA RITTENOUR, CLERK |
|---|---|---|---|
| 03-MONTGOMERY | ☐ District Court ☑ Circuit Court | CV200 | |

| GWENDOLYN P MCQUIRTER ET AL V. CITY OF<br>MONTGOMERY, ALABAMA ET AL | **CIVIL MOTION COVER SHEET**<br>*Name of Filing Party:* C002 - MCQUIRTER CHARLES |
|---|---|

| *Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*<br><br>JERRY BLEVINS<br>2800 ZELDA ROAD, SUITE 200-3<br>MONTGOMERY, AL 36106<br><br>*Attorney Bar No.:* BLE003 | ☐ Oral Arguments Requested |
|---|---|

### TYPE OF MOTION

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| ☐ Motion to Dismiss, or in the Alternative Summary Judgment($50.00) | ☐ Continue |
| | ☐ Deposition |
| ☐ Renewed Dispositive Motion(Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Designate a Mediator |
| | ☐ Judgment as a Matter of Law (during Trial) |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ Disburse Funds |
| | ☐ Extension of Time |
| | ☐ In Limine |
| ☐ Other | ☐ Joinder |
| pursuant to Rule _____ ($50.00) | ☐ More Definite Statement |
| | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ New Trial |
| | ☐ Objection of Exemptions Claimed |
| | ☐ Pendente Lite |
| ☐ Local Court Costs $ _____ | ☐ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☑ Other   Motion for Voluntary Dismissal |
| | pursuant to Rule Rule ____ (Subject to Filing Fee) |

| Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship ☐ | Date:<br><br>3/2/2007 7:51:29 AM | Signature of Attorney or Party:<br><br>/s JERRY BLEVINS |
|---|---|---|

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.



**AlaFile E-Notice**



RECEIVED
MAR    2007
CITY CLERK
MONTGOMERY
AL

03-CV-2007-900089.00

Judge: WILLIAM A. SHASHY

To:  CITY OF MONTGOMERY, ALABAMA  (PRO SE)
C/O CITY CLERK-MRS. BREND
103 NORTH PERRY STREET
MONTGOMERY, AL 36104

# NOTICE OF COURT ACTION

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### GWENDOLYN P MCQUIRTER ET AL v. CITY OF MONTGOMERY, ALABAMA ET AL
### 03-CV-2007-900089.00

A court action was entered in the above case on 2/27/2007 4:58:26 PM

### C001 MCQUIRTER GWENDOLYN
### C002 MCQUIRTER CHARLES
### MOTION TO DISMISS BAHAKEL COMMUNICATIONS, LTD.

[Attorney: BLEVINS JERRY M]

| | |
|---|---|
| Disposition: | GRANTED |
| Judge: | WAS |

| | |
|---|---|
| Notice Date: | 2/27/2007 4:58:26 PM |

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950
melissa.rittenour@alacourt.gov

ELECTRONICALLY FILED
2/20/2007 2:00 PM
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
MELISSA RITTENOUR, CLERK

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

GWENDOLYN P. MCQUIRTER, et al.,    )
                                   )
          Plaintiffs,              )
                                   )
vs.                                )    Civil Action No.:  CV-2007-900089-WAS
                                   )
CITY OF MONTGOMERY, et al.,        )
                                   )
          Defendants.              )

## PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL OF DEFENDANT BAHAKEL COMMUNICATIONS, LTD.

**COMES NOW** the Plaintiffs, Gwendolyn & Charles McQuirter, by and through their

undersigned counsel, and moves the Court for voluntary dismissal of Defendant Bahakel

Communications, Ltd., from the pending action, without prejudice


                              /s Jerry M. Blevins
                              JERRY M. BLEVINS (BLE003)
                              Counsel for Plaintiffs



OF COUNSEL:
Law Office of Jerry M. Blevins
Hillwood Office Center
2800 Zelda Road, Suite 200-3
Montgomery, Alabama 36106
(334) 262-7600 (Voice)
(334) 262-7644 (Fax)



1

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a copy of the foregoing upon:

> The Advertiser Company, Inc.
> c/o Dennis R. Bailey, Esq.
> Rushton, Stakely, Johnston & Garrett, P.A.
> P.O. Box 270
> Montgomery, Alabama 36101-0270
>
> Bahakel Communications, Ltd.
> c/o Mr. Jim Caruthers
> 3020 East Boulevard
> Montgomery, Alabama 36116
>
> City of Montgomery
> c/o Walter R. Byars, Esq.
> P.O. Box 1111
> Montgomery, Alabama 36101-1111

by depositing a copy of the same in the U.S. Mail, postage prepaid this the 20th day of February, 2007.

> /s Jerry M. Blevins
> Jerry M. Blevins

2



**AlaFile E-Notice**



03-CV-2007-900089.00

Judge: WILLIAM A. SHASHY

To:  CITY OF MONTGOMERY, ALABAMA  (PRO SE)
C/O CITY CLERK-MRS. BREND
103 NORTH PERRY STREET
MONTGOMERY, AL 36104

---

# NOTICE OF ELECTRONIC FILING

---

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### GWENDOLYN P MCQUIRTER ET AL v. CITY OF MONTGOMERY, ALABAMA ET AL
### 03-CV-2007-900089.00

The following matter was FILED on 2/20/2007 2:00:40 PM

#### C001 MCQUIRTER GWENDOLYN
#### C002 MCQUIRTER CHARLES
#### MOTION TO DISMISS BAHAKEL COMMUNICATIONS, LTD.

[Attorney: BLEVINS JERRY M]

Notice Date:     2/20/2007 2:00:40 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950
melissa.rittenour@alacourt.gov

| **STATE OF ALABAMA**<br>Unified Judicial System | Revised 2/14/05 | **Case No.** |
|---|---|---|
| 03-MONTGOMERY    ☐ District Court  ☑ Circuit Court | | CV200790008900 |

| GWENDOLYN P MCQUIRTER ET AL V. CITY OF<br>MONTGOMERY, ALABAMA ET AL | **CIVIL MOTION COVER SHEET**<br>*Name of Filing Party:* C002 - MCQUIRTER CHARLES |
|---|---|

| *Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*<br>JERRY BLEVINS<br>2800 ZELDA ROAD, SUITE 200-3<br>MONTGOMERY, AL 36106<br>*Attorney Bar No.:*  BLE003 | ☐ Oral Arguments Requested |
|---|---|

## TYPE OF MOTION

| **Motions Requiring Fee** | **Motions Not Requiring Fee** |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| ☐ Motion to Dismiss, or in the Alternative Summary Judgment($50.00) | ☐ Continue |
| | ☐ Deposition |
| ☐ Renewed Dispositive Motion(Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Designate a Mediator |
| | ☐ Judgment as a Matter of Law (during Trial) |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ Disburse Funds |
| | ☐ Extension of Time |
| ☐ Other _____ | ☐ In Limine |
| pursuant to Rule _____ ($50.00) | ☐ Joinder |
| | ☐ More Definite Statement |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| | ☐ New Trial |
| | ☐ Objection of Exemptions Claimed |
| ☐ Local Court Costs $ _____ | ☐ Pendente Lite |
| | ☐ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☑ Other    Motion to Dismiss Bahakel |
| | pursuant to Rule Communications, Ltd (Subject to Filing Fee) |

| Check here if you have filed  or are filing contemporaneously with this motion an Affidavit of Substantial Hardship    ☐ | Date:<br>2/20/2007 2:00:08 PM | Signature of Attorney or Party:<br>/s JERRY BLEVINS |
|---|---|---|

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.
**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

ELECTRONICALLY FILED
2/20/2007 1:56 PM
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
MELISSA RITTENOUR, CLERK

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

GWENDOLYN P. MCQUIRTER, et al.,      )
                                     )
          Plaintiffs,                )
                                     )
vs.                                  )        Civil Action No.:  CV-2007-900089-WAS
                                     )
CITY OF MONTGOMERY, et al.,          )
                                     )
          Defendants.                )

## PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL OF DEFENDANT THE ADVERTISER COMPANY, INC.

**COMES NOW** the Plaintiffs, Gwendolyn & Charles McQuirter, by and through their

undersigned counsel, and moves the Court for voluntary dismissal of Defendant The Advertiser

Company, Inc., from the pending action, without prejudice

                                   /s Jerry M. Blevins
                                   JERRY M. BLEVINS (BLE003)
                                   Counsel for Plaintiffs

OF COUNSEL:
Law Office of Jerry M. Blevins
Hillwood Office Center
2800 Zelda Road, Suite 200-3
Montgomery, Alabama 36106
(334) 262-7600 (Voice)
(334) 262-7644 (Fax)

1

CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon:

> The Advertiser Company, Inc.
> c/o Dennis R. Bailey, Esq.
> Rushton, Stakely, Johnston & Garrett, P.A.
> P.O. Box 270
> Montgomery, Alabama 36101-0270
>
> Bahakel Communications, Ltd.
> c/o Mr. Jim Caruthers
> 3020 East Boulevard
> Montgomery, Alabama 36116
>
> City of Montgomery
> c/o Walter R. Byars, Esq.
> P.O. Box 1111
> Montgomery, Alabama 36101-1111

by depositing a copy of the same in the U.S. Mail, postage prepaid this the 20th day of February, 2007.

> /s Jerry M. Blevins
> Jerry M. Blevins

2



**AlaFile E-Notice**



03-CV-2007-900089.00

Judge: WILLIAM A. SHASHY

To: CITY OF MONTGOMERY, ALABAMA  (PRO SE)
    C/O CITY CLERK-MRS. BREND
    103 NORTH PERRY STREET
    MONTGOMERY, AL 36104

---

# NOTICE OF ELECTRONIC FILING

---

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

**GWENDOLYN P MCQUIRTER ET AL v. CITY OF MONTGOMERY, ALABAMA ET AL**
**03-CV-2007-900089.00**

The following matter was FILED on 2/20/2007 1:56:50 PM

**C001 MCQUIRTER GWENDOLYN**
**C002 MCQUIRTER CHARLES**
**MOTION TO DISMISS DEFENDANT**

[Attorney: BLEVINS JERRY M]

Notice Date:      2/20/2007 1:56:50 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950
melissa.rittenour@alacourt.gov

| **STATE OF ALABAMA** Unified Judicial System | Revised 2/14/05 | | **Case No.** |
|---|---|---|---|
| 03-MONTGOMERY | ☐ District Court ☑ Circuit Court | | CV200790008900 |

| GWENDOLYN P MCQUIRTER ET AL V. CITY OF MONTGOMERY, ALABAMA ET AL | **CIVIL MOTION COVER SHEET** *Name of Filing Party:* C002 - MCQUIRTER CHARLES |
|---|---|

| *Name, Address, and Telephone No. of Attorney or Party. If Not Represented.* JERRY BLEVINS 2800 ZELDA ROAD, SUITE 200-3 MONTGOMERY, AL 36106 *Attorney Bar No.:* BLE003 | ☐ Oral Arguments Requested |
|---|---|

## TYPE OF MOTION

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| ☐ Motion to Dismiss, or in the Alternative Summary Judgment($50.00) | ☐ Continue |
| | ☐ Deposition |
| ☐ Renewed Dispositive Motion(Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Designate a Mediator |
| | ☐ Judgment as a Matter of Law (during Trial) |
| | ☐ Disburse Funds |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ Extension of Time |
| | ☐ In Limine |
| ☐ Other | ☐ Joinder |
| pursuant to Rule _____ ($50.00) | ☐ More Definite Statement |
| | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ New Trial |
| | ☐ Objection of Exemptions Claimed |
| | ☐ Pendente Lite |
| ☐ Local Court Costs $ _____ | ☐ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☑ Other    Motion to Dismiss Defendant |
| | pursuant to Rule  Rule    (Subject to Filing Fee) |

| Check here if you have filed  or are filing contemporaneously with this motion an Affidavit of Substantial Hardship ☐ | Date: 2/20/2007 1:54:57 PM | Signature of Attorney or Party: /s JERRY BLEVINS |
|---|---|---|

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

*2007-0042*

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>03-CV-2007-900089.00 |
|---|---|---|

**IN THE CIVIL COURT OF MONTGOMERY, ALABAMA**

**GWENDOLYN P MCQUIRTER v. CITY OF MONTGOMERY, ALABAMA**

*36/04*
*N. Perry*

**NOTICE TO** CITY OF MONTGOMERY, ALABAMA, C/O CITY CLERK-MRS. BRENDA GALE BLALOCK 103 N.

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY <u>JERRY BLEVINS</u>

WHOSE ADDRESS IS <u>2800 ZELDA ROAD, SUITE 200-3, MONTGOMERY AL, 36106</u>

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☑ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☐ Service by certified mail of this summons is initiated upon the written request of _____
pursuant to the Alabama Rules of the Civil Procedure

| <u>2/8/2007 3:10:34 PM</u><br>Date | <u>/s MELISSA RITTENOUR</u><br>Clerk/Register | _____<br>By |
|---|---|---|

☐ Certified mail is hereby requested   _____

Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____
Date

_____
Server's Signature

*Walk-in BGB*

RECEIVED
FEB 13 2007
CITY CLERK
MONTGOMERY
AL



**AlaFile E-Notice**

03-CV-2007-900089.00

To:  CITY OF MONTGOMERY, ALABAMA
C/O CITY CLERK-MRS. BRENDA GALE BLALOCK
103 NORTH PERRY STREET
MONTGOMERY, AL 36104

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### GWENDOLYN P MCQUIRTER ET AL v. CITY OF MONTGOMERY, ALABAMA ET AL
### 03-CV-2007-900089.00

The following complaint was FILED on 2/8/2007 3:10:34 PM

Notice Date:     2/8/2007 3:10:34 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950
melissa.rittenour@alacourt.gov



| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93  Rev.5/99 | **COVER SHEET<br>CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>**03-CV-2007-900089.00**<br>Date of Filing:                    Judge Code:<br>02/08/2007 |
|---|---|---|

## GENERAL INFORMATION

### IN THE CIRCUIT OF MONTGOMERY COUNTY, ALABAMA
### GWENDOLYN P MCQUIRTER ET AL v. CITY OF MONTGOMERY, ALABAMA ET AL

**First Plaintiff:** ☐ Business   ☑ Individual        **First Defendant:** ☐ Business        ☐ Individual
☐ Government   ☐ Other                                      ☑ Government      ☐ Other

### NATURE OF SUIT:

**TORTS: PERSONAL INJURY**

☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☑ TOWA - Wantonnes
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**

☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**

☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS  (cont'd)**

☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture
        Appeal/Enforcement of Agency Subpoena/Petition to
        Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP-Contempt of Court
☐ CONT-Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND- Equity Non-Damages Actions/Declaratory
        Judgment/Injunction Election Contest/Quiet Title/Sale For
        Division
☐ CVUD-Eviction Appeal/Unlawfyul Detainer
☐ FORJ-Foreign Judgment
☐ FORF-Fruits of Crime Forfeiture
☐ MSHC-Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB-Protection From Abuse
☐ FELA-Railroad/Seaman (FELA)
☐ RPRO-Real Property
☐ WTEG-Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP-Workers' Compensation
☐ CVXX-Miscellaneous Circuit Civil Case

**ORIGIN:**   F ☑ INITIAL FILING          A ☐ APPEAL FROM          O ☐ OTHER
                                                DISTRICT COURT

                R ☐ REMANDED              T ☐ TRANSFERRED FROM
                                                OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?**   ☑ Yes   ☐ No

**RELIEF REQUESTED:**   ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**   BLE003          2/8/2007 3:09:38 PM          /s JERRY BLEVINS

**MEDIATION REQUESTED:**   ☐ Yes   ☐ No   ☑ Undecided



ELECTRONICALLY FILED
2/8/2007 3:10 PM
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
MELISSA RITTENOUR, CLERK

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

GWENDOLYN P. MCQUIRTER     )
CHARLES E. MCQUIRTER,        )
                             )
        Plaintiffs,         )
                             )
vs.                            )     Civil Action No.: CV-2007-_____
                           )
CITY OF MONTGOMERY, ALABAMA,  )     **JURY TRIAL DEMANDED**
THE ADVERTISER COMPANY, INC.,    )
BAHAKEL COMMUNICATIONS, LTD.,  )
RAYCOM MEDIA, INC., and Fictitious  )
Defendants A-Z, whether singular or   )
plural the individuals, partnerships     )
or corporations who participated in the  )
matters alleged in this complaint whose )
true names are unknown but will be    )
added when ascertained,          )
                           )
        Defendants.       )

RECEIVED
FEB 1 3 2007
CITY CLERK
MONTGOMERY
AL

### COMPLAINT

**COMES NOW THE PLAINTIFFS**, Gwendolyn P. McQuirter and Charles E. McQuirter, by and through their undersigned counsel, and would show this Honorable Court as follows:

### Parties

1.   Plaintiff Gwendolyn P. McQuirter is over the age of nineteen (19) years and is a resident citizen of Montgomery County, Alabama. At all times mentioned herein Plaintiff was a private citizen/individual.

2.   Plaintiff Charles E. McQuirter is over the age of nineteen (19) years and is a resident citizen of Montgomery County, Alabama. At all times mentioned herein Plaintiff Charles E. McQuirter was/is the spouse of Plaintiff Gwendolyn McQuirter.

3.   Defendant City of Montgomery, Alabama is a body corporate, a municipality, formed and existing under the laws of the State of Alabama located in Montgomery County, State of Alabama. At all times mentioned herein, Defendant maintained a police agency known as the

1

Montgomery Police Department (hereinafter referred to as "MPD") comprised of employees of the City of Montgomery.

4.  Defendant The Advertiser Company, Inc., on information and belief, is a domestic corporation formed and existing under Alabama law. At all times mentioned herein, Defendant distributed a daily newspaper in and around Montgomery County, Alabama, known as the Montgomery Advertiser, with a daily circulation estimated at 250,000 persons.

5.  Defendant Bahakel Communications, Ltd., on information and belief, is a foreign corporation lawfully doing business in Montgomery County, Sate of Alabama. At all times mentioned herein, Defendant owned and operated WAKA – Channel 8 television located in Montgomery County, State of Alabama.

6.  Defendant Raycom Media, Inc., on information and belief, is a domestic corporation formed and existing under the laws of the State of Alabama. At all times mentioned herein, Defendant owned and operated WSFA – Channel 12 television located in Montgomery County, State of Alabama.

7.  Fictitious Defendants A-Z include the corporations, partnerships, and/or individuals who participated with the named Defendants in committing the wrongs alleged herein. The fictitious Defendants include the correct legal entity of that company or individuals which owns/operates the Montgomery Advertiser, WAKA – Channel 8 television, & WSFA – Channel 12 television. The fictitious Defendants also include those individual employees, or former employees of the City of Montgomery, the Montgomery Advertiser, WAKA – Channel 8 television, and WSFA – Channel 12 television, who were responsible for or participated in any way in the conduct made the basis of this lawsuit.

## Factual Allegations

8.  Plaintiffs expressly adopt as if fully set forth herein the allegations of paragraphs 1-7 above.

9.  On or about September 15, 2006, the Special Operations Division of the MPD conducted

2

a prostitution sting in the area of Mobile Highway in Montgomery, Alabama.

10. As a result of the sting, undercover MPD police officers arrested ten (10) women for prostitution for allegedly offering sex for money. These ten (10) women were booked into the City Jail, fingerprinted and photographed.

11. On information and belief, on or about September 16, 2006, the MPD provided photos and criminal histories of the women arrested to the Montgomery Advertiser, WAKA and WSFA, and, in some form, either orally and/or in writing, reported to these media outlets that each of these ten (10) women had been arrested and charged with the crime of prostitution.

12. One of the photos released by the MPD was that of Plaintiff Gwendolyn McQuirter, however, Plaintiff Gwendolyn McQuirter was not one of the ten (10) women arrested for prostitution.

13. On information and belief, it appears that an employee(s) of Defendant City of Montgomery, for some unknown reason, obtained Plaintiff Gwendolyn McQuirter's drivers license photograph from some source and released this photograph to the Montgomery Advertiser, WAKA and WSFA, along with nine (9) other booking photographs of the women who were actually arrested by the MPD and charged with the crime of prostitution.

14. On information and belief, Defendants WAKA and WSFA ran stories concerning the arrests on September 17, 18 & 19, 2006, and showed Plaintiff Gwendolyn McQuirter's photograph as well as identifying her by name as one of the individuals arrested for prostitution. Each of these broadcasts were seen by thousands of viewers.

15. The Montgomery Advertiser also published a story concerning the arrests on September 17, 2006, and directed readers to view photographs of the suspects, to include Plaintiff Gwendolyn McQuirter, on its website – montgomeryadvertiser.com. On information and belief, thousands of persons viewed the information concerning Plaintiff Gwendolyn McQuirter on this website.

16. Once Plaintiffs learned of the media reports from friends and neighbors, immediate

3

contact was made with the MPD and Plaintiff Gwendolyn McQuirter's information, including her photograph, was removed from the Montgomery Advertiser's website.

17. The words published by Defendants City of Montgomery, WAKA and WSFA, accusing Plaintiff Gwendolyn McQuirter of engaging in prostitution, were false and untrue.

18. That over five days before the commencement of this action Plaintiff Gwendolyn McQuirter made a written demand upon Defendant City of Montgomery, its employees/agents, for a public correction and retraction of the defamatory accusations as set forth herein.

19. Defendant City of Montgomery, its employees/agents, failed or refused to correct and retract in as prominent and public place or manner a full and fair retraction of the false allegations, within the time and manner provided by §§ 6-5-184 to 6-5-186, *Code of Alabama* (1975).

20. Prior to the filing of this action, Plaintiffs filed itemized and verified claims with Defendant City of Montgomery as dictated by Alabama law. Said claims were denied on January 29, 2007.

**WHEREFORE, THE PREMISES CONSIDERED,** Plaintiffs demand judgment as follows:

a) compensatory and punitive damages against Defendant City of Montgomery, and its employees/agents identified as fictitious defendants A-Z, in excess of $10,000,000.00;

b) compensatory damages against Defendant the Montgomery Advertiser in excess of $5,000,000.00;

c) compensatory damages against Bahakel Communications, Ltd., in excess of $5,000,000.00;

d) compensatory damages against Raycom Media, Inc., in excess of $5,000,000.00; &

4

e) Plaintiffs' further request and award of costs, attorney's fees and such other relief as may

be just and proper.

## Count I – Intention Infliction of Emotional Distress

21. Plaintiffs expressly adopt as it set forth fully herein the allegations of 1-20 above.

22. Plaintiff Gwendolyn McQuirter avers that the actions of each of the Defendants, through
their duly authorized agents and representatives, were intended to or substantially certain to
cause emotional distress.

23. Plaintiff Gwendolyn McQuirter avers that the conduct of each of the Defendants was so
outrageous and extreme that it went beyond all bounds of decency and was atrocious and utterly
intolerable in a civilized society.

24. Plaintiff Gwendolyn McQuirter avers that no reasonable person could be expected to
endure such conduct on the part of each of the Defendants and that she thereby suffered extreme,
severe emotional distress as a direct result of each of the Defendants' actions.

## Count II – Libel Per Se

25. Plaintiffs expressly adopt as if fully set forth herein the allegations of paragraphs 1-24
above.

26. Prostitution is an indictable offense pursuant to §13A-12-210, et seq., *Code of Alabama*
(1975).

27. The malicious, unlawful, unprivileged, and false accusations of prostitution by each of
the Defendants exposed Plaintiff Gwendolyn McQuirter to public ridicule or contempt.

28. As a direct and proximate result of the false, wrongful, and malicious accusations by each
of the Defendants, by and through their duly authorized employees/agents, Plaintiff Gwendolyn
McQuirter has been disgraced; Plaintiff's good name and character tarnished; and Plaintiff has
suffered embarrassment, humiliation, shame and mental anguish.

### Count III – Slander Per Se

29. Plaintiffs expressly adopt as if fully set forth herein the allegations of paragraphs 1-28 above.

30. Prostitution is an indictable offense involving infamy or moral turpitude.

31. The malicious, unlawful, unprivileged, and false oral accusation(s) of prostitution by Defendant City of Montgomery, by and through its duly authorized employees/agents, exposed Plaintiff to disgrace, ridicule, odium, and contempt in the estimation of friends and acquaintances, and the public, with resulting damage to her reputation.

32. As a direct and proximate result of the false, wrongful, and malicious accusations by Defendant City of Montgomery, by and through its duly authorized employees/agents, Plaintiff Gwendolyn McQuirter has been disgraced; Plaintiff's good name and character tarnished; and Plaintiff has suffered embarrassment, humiliation, shame and mental anguish.

### Count IV – Invasion of Privacy

33. Plaintiffs expressly adopt as if fully set forth herein the allegations of paragraphs 1-32 above.

34. The allegations made by each of the Defendants, by and through their duly authorized employees/agents, placed Plaintiff Gwendolyn McQuirter in a false-light in the public eye.

35. Said invasion of privacy was intentional and was done in such a manner as to cause outrage or mental suffering, shame, or humiliation to Plaintiff Gwendolyn McQuirter.

36. As a direct and proximate result of each of the Defendant's actions, Plaintiff Gwendolyn McQuirter has been injured.

### Count V – Loss of Consortium

37. Plaintiffs expressly adopt as if fully set forth herein the allegations of paragraphs 1-36 above.

6

38. As a direct and proximate result of each of the Defendants' actions, Plaintiff Charles McQuirter has been deprived of conjugal fellowship, the right of company, society, co-operation, affection, and aid of Plaintiff Gwendolyn McQuirter, as existed prior to the date of the events complained of herein.

39. As a direct and proximate result of each of the Defendants' actions as described herein, Plaintiff Charles McQuirter has sustained injuries/damages.

**RESPECTFULLY SUBMITTED** on this the 9th day of February, 2007.


/s Jerry M. Blevins
JERRY M. BLEVINS (BLE003)
Counsel for Plaintiffs


OF COUNSEL:
Law Office of Jerry M. Blevins
Hillwood Office Center
2800 Zelda Road, Suite 200-3
Montgomery, Alabama 36106
(334) 262-7600 (Voice)
(334) 262-7644 (Fax)
E-Mail: ATTYJMBlev@aol.com


**PLAINTIFFS DEMANDS A TRIAL BY JURY**

## IN THE CIRCUIT COURT OF
## MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| **GWENDOLYN P. MCQUIRTER &** | ) |
| **CHARLES E. MCQUIRTER,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) **CASE NO. CV-07-900089-WAS** |
| | ) |
| | ) |
| **CITY OF MONTGOMERY, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

### NOTICE OF FILING OF NOTICE OF REMOVAL

TO:        Melissa A. Rittenour
           Circuit Clerk
           251 S. Lawrence Street
           Montgomery, AL 36104

           Jerry M. Blevins, Esq.
           Law Office of Jerry M. Blevins
           Hillwood Office Center
           2800 Zelda Road, Suite 200-3
           Montgomery, Alabama 36106

Please take notice that Defendant, City of Montgomery, has on this date filed a Notice of

Removal, a true and correct copy of which is attached hereto, in the office of the clerk of the United

States District Court for the Middle District of Alabama, Northern Division, at Montgomery,

Alabama.

Respectfully submitted this the _15th_ day of March, 2007.

_____
Kimberly O Fehl (FEH001)

**EXHIBIT**

_B_

**OF COUNSEL:**
Legal Department
City of Montgomery
Post Office Box 1111
Montgomery, Alabama  36101-1111
(334) 241-2050
(334) 241-2310 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that I have mailed a copy of the above and foregoing to the attorneys listed

below by hand delivery or by placing a copy of same in the United States Mail, postage prepaid, this

_____ day of March, 2007:

      Jerry M. Blevins, Esq.
      Law Office of Jerry M. Blevins
      Hillwood Office Center
      2800 Zelda Road, Suite 200-3
      Montgomery, Alabama 36106

                        _____
                        Of Counsel