THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GWENDOLYN P. MCQUIRTER & CHARLES E. MCQUIRTER, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CASE NO. 2:07-cv-00234-MEF-WC ) |
| CITY OF MONTGOMERY and FICTITIOUS DEFENDANTS A – Z, whether singular or plural, those individual employees, or former employees of the City of Montgomery, | ) ) ) ) ) ) |
| Defendants. | |

## ANSWER OF DEFENDANT, CITY OF MONTGOMERY

**COMES NOW** Defendant, City of Montgomery and as Answer to the Plaintiff's Amended Complaint states unto the Court the following:

### PARTIES

1. Defendant denies the allegations in paragraph 1 of the Amended Complaint and demands strict proof thereof.

2. Defendant denies the allegations in paragraph 2 of the Amended Complaint and demands strict proof thereof.

3. Admitted.

4. Defendant denies the allegations in paragraph 4 of the Amended Complaint and demands strict proof thereof.

1

## FACTUAL ALLEGATIONS

5. Defendant adopts and incorporates the answers and responses in paragraphs 1-5 as if fully set out herein and denies any remaining allegations in paragraph 5 of the Amended Complaint and demand strict proof thereof.

6. Admitted.

7. Defendant denies the allegations in paragraph 7 of the Amended Complaint and demands strict proof thereof.

8. Defendant denies the allegations in paragraph 8 of the Amended Complaint and demands strict proof thereof.

9. Admitted.

10. Defendant denies the allegations in paragraph 10 of the Amended Complaint and demands strict proof thereof.

11. Defendant denies the allegations in paragraph 11 of the Amended Complaint and demands strict proof thereof.

12. Defendant admits that employees of the Montgomery Police Department were contacted and the photograph of Gwendolyn McQuirter was retracted by MPD. Defendant denies any remaining allegations in paragraph 12 of the Amended Complaint and demands strict proof thereof.

13. Defendant denies the allegations in paragraph 13 of the Amended Complaint and demands strict proof thereof.

14. Defendant denies the allegations in paragraph 14 of the Amended Complaint and demands strict proof thereof.

15. Defendant denies the allegations in paragraph 15 of the Amended Complaint and demands strict proof thereof.

16. Defendant denies the allegations in paragraph 16 of the Amended Complaint and demands strict proof thereof.

17. Defendant denies the allegations in paragraph 17 of the Amended Complaint and demands strict proof thereof.

### COUNT I – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

18. Defendant adopts and incorporates the answers and responses in paragraphs 1-18 as if fully set out herein and denies any remaining allegations in paragraph 18 of the Amended Complaint and demands strict proof thereof.

19. Defendant denies the allegations in paragraph 19 of the Amended Complaint and demands strict proof thereof.

20. Defendant denies the allegations in paragraph 20 of the Amended Complaint and demands strict proof thereof.

21. Defendant denies the allegations in paragraph 21 of the Amended Complaint and demands strict proof thereof.

### COUNT II – LIBEL PER SE

22. Defendant adopts and incorporates the answers and responses in paragraphs 1-22 as if fully set out herein and denies any remaining allegations in paragraph 22 of the Amended Complaint and demands strict proof thereof.

23. Admitted.

24. Defendant denies the allegations in paragraph 24 of the Amended Complaint and demands strict proof thereof.

25. Defendant denies the allegations in paragraph 25 of the Amended Complaint and demands strict proof thereof.

## COUNT III – SLANDER PER SE

26. Defendant adopts and incorporates the answers and responses in paragraphs 1-26 as if fully set out herein and denies any remaining allegations in paragraph 26 of the Amended Complaint and demands strict proof thereof.

27. Defendant denies the allegations in paragraph 27 of the Amended Complaint and demands strict proof thereof.

28. Defendant denies the allegations in paragraph 28 of the Amended Complaint and demands strict proof thereof.

29. Defendant denies the allegations in paragraph 29 of the Amended Complaint and demands strict proof thereof.

## COUNT IV - INVASION OF PRIVACY

30. Defendant adopts and incorporates the answers and responses in paragraphs 1-30 as if fully set out herein and denies any remaining allegations in paragraph 30 of the Amended Complaint and demands strict proof thereof.

31. Defendant denies the allegations in paragraph 31 of the Amended Complaint and demands strict proof thereof.

32. Defendant denies the allegations in paragraph 32 of the Amended Complaint and demands strict proof thereof.

33. Defendant denies the allegations in paragraph 33 of the Amended Complaint and demands strict proof thereof.

## COUNT V – LOSS OF CONSORTIUM

34. Defendant adopts and incorporates the answers and responses in paragraphs 1-34 as if fully set out herein and denies any remaining allegations in paragraph 34 of the Amended

Complaint and demands strict proof thereof.

35. Defendant denies the allegations in paragraph 35 of the Amended Complaint and demands strict proof thereof.

36. Defendant denies the allegations in paragraph 36 of the Amended Complaint and demands strict proof thereof.

### COUNT VI – VIOLATION OF DRIVER PRIVACY PROTECTION ACT

37. Defendant adopts and incorporates the answers and responses in paragraphs 1-37 as if fully set out herein and denies any remaining allegations in paragraph 37 of the Amended Complaint and demands strict proof thereof.

38. Defendant denies the allegations in paragraph 38 of the Amended Complaint and demands strict proof thereof.

39. Defendant denies the allegations in paragraph 39 of the Amended Complaint and demands strict proof thereof.

40. Defendant denies the allegations in paragraph 40 of the Amended Complaint and demands strict proof thereof.

41. Defendant denies the allegations in paragraph 41 of the Amended Complaint and demands strict proof thereof.

### COUNT VII – 42 U.S. C. § 1983

42. Defendant adopts and incorporates the answers and responses in paragraphs 1-42 as if fully set out herein and denies any remaining allegations in paragraph 42 of the Amended Complaint and demands strict proof thereof.

43. Defendant denies the allegations in paragraph 43 of the Amended Complaint and demands strict proof thereof.

44. Defendant denies the allegations in paragraph 44 of the Amended Complaint and demands strict proof thereof.

45. Defendant denies the allegations in paragraph 45 of the Amended Complaint and demands strict proof thereof.

46. Defendant denies the allegations in paragraph 46 of the Amended Complaint and demands strict proof thereof.

47. Defendant denies the allegations in paragraph 47 of the Amended Complaint and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendant pleads the general issue. Defendants generally deny all material allegations of the Amended Complaint and deny that Plaintiffs are entitled to any relief.

### SECOND AFFIRMATIVE DEFENSE

Defendant avers that Plaintiffs' Amended Complaint and each count and cause thereof fails to state a cause of action against Defendant upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

Defendant avers that there is no evidence of a policy or practice adopted which violated Plaintiffs' constitutional rights nor do Defendants have a policy or custom which is unconstitutional.

### FOURTH AFFIRMATIVE DEFENSE

Defendant avers that Plaintiffs' intentional tort claims against the City of Montgomery must be dismissed because the City cannot be liable for the alleged intentional torts of its employees and representatives. Ala. Code §11-47-190 (1975); *Cremeens v. City of Montgomery,*

779 So.2d 1190, 1201 (Ala. 2000)("A municipality -cannot be held liable for the intentional torts of its employees").

### FIFTH AFFIRMATIVE DEFENSE

Defendant avers that fictitious party practice is not permitted under the Federal Rules of Civil Procedure. *New v Sports & Recreation, Inc.*, 114 F. 3d 1092, 1094 n.1 (11th Cir 1997); *Edwards v Alabama Department of Corrections*, 81 f. Supp. 2d 1242, 1257 (M.D. Ala. 2000).

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims pursuant to a respondeat superior theory are due to be dismissed. A municipality is liable only for its own wrongs and cannot be liable under the theory of respondeat superior. *Monell v. Department of Social Services of New York City*, 436 U.S. 658, 694 (1978).

### SEVENTH AFFIRMATIVE DEFENSE

Defendant pleads qualified immunity and discretionary function immunity pursuant to *ALA. Code* §6-5-338(a) – (b) (1975).

### EIGHTH AFFIRMATIVE DEFENSE

Defendant pleads state actor immunity pursuant to the Eleventh Amendment of the Constitution of the United States and Article I § 14, Constitution of Alabama (1901), sovereign and/or substantive immunity.

### NINTH AFFIRMATIVE DEFENSE

Defendant pleads that its actions or practices did not cause a violation of Plaintiffs' constitutional rights.

### TENTH AFFIRMATIVE DEFENSE

Defendants plead Alabama's statutory cap on damages. *ALA. Code §§* 11-47-190 and 11-93-2. (1975).

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendant pleads immunity from punitive damages.

**TWELFTH AFFIRMATIVE DEFENSE**

Defendant pleads insufficiency of process and insufficiency of process of service.

**RESERVATION OF RIGHTS**

Defendant reserves the right to amend these affirmative defenses as allowed by the Court.

Respectfully submitted this the 27th day of March, 2007.

/s/ Kimberly O. Fehl
Kimberly O Fehl (FEH001)

**OF COUNSEL:**
Legal Department
City of Montgomery
Post Office Box 1111
Montgomery, Alabama 36101-1111
(334) 241-2050
(334) 241-2310 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that foregoing has been served upon the following by electronic filing or by U. S. Mail, postage prepaid on this 27th day of March, 2007:

Jerry M. Blevins, Esq.
Law Office of Jerry M. Blevins
Hillwood Office Center
2800 Zelda Road, Suite 200-3
Montgomery, Alabama 36106

/s/ Kimberly O. Fehl
Of Counsel