IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GWENDOLYN P. MCQUIRTER<br>& CHARLES E. MCQUIRTER,<br><br>    Plaintiffs,<br><br>vs.<br><br>CITY OF MONTGOMERY,<br>ALABAMA, a Municipal<br>Corporation, K.C. BENTLEY,<br>& RON COOK,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No.: 2:07-cv-00234-MEF-WC<br>)<br>)  **Jury Trial Demanded**<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' SECOND AMENDED COMPLAINT**

**COMES NOW THE PLAINTIFFS**, Gwendolyn P. McQuirter and Charles E. McQuirter, by and through their undersigned counsel, and files their Second Amended Complaint as follows:

**Parties**

1. Plaintiff Gwendolyn P. McQuirter is over the age of nineteen (19) years and is a resident citizen of Montgomery County, Alabama. At all times mentioned herein, Plaintiff Gwendolyn McQuirter was a private citizen/individual.

2. Plaintiff Charles E. McQuirter is over the age of nineteen (19) years and is a resident citizen of Montgomery County, Alabama. At all times mentioned herein, Plaintiff Charles E. McQuirter was/is the spouse of Plaintiff Gwendolyn McQuirter.

3. Defendant City of Montgomery, Alabama is a body corporate, a municipality, formed and existing under the laws of the State of Alabama located in Montgomery County, State of Alabama. At all times mentioned herein, Defendant maintained a police agency known as the Montgomery Police Department (hereinafter referred to as "MPD") comprised of employees of the City of Montgomery.

4. Defendant K.C. Bentley (hereinafter referred to as "Bentley"), is over the age of nineteen

1

(19) years, and on information and belief is a resident of Montgomery County, Alabama. At all times mentioned herein, Defendant Bentley was employed as a Corporal/Investigator with the MPD and was acting within the line and scope of her employment.

5. Defendant Ron Cook (hereinafter referred to as "Cook"), is over the age nineteen (19) years, and on information and belief is a resident of Montgomery County, Alabama. At all times mentioned herein, Defendant Cook was employed as a Lieutenant/Public Information Officer with the MPD and was acting within the line and scope of his employment.

**Jurisdiction**

6. This Court has original jurisdiction over Plaintiff Gwendolyn McQuirter's claims alleging violations of federal law pursuant to 42 U.S.C. §1983, and violation of the Driver Privacy Protection Act, codified at 18 U.S.C. §§ 2721-2725, pursuant to 28 U.S.C. §1331, 42 U.S.C. §1983, & 28 U.S.C. §1343.  This Court further has supplemental jurisdiction over all other state law claims asserted by Plaintiffs pursuant to 28 U.S.C. §1367.

**Factual Allegations**

7. Plaintiffs expressly adopt as if fully set forth herein the allegations of paragraphs 1-6 above.

8. On or about September 15, 2006, the Special Operations Division of the MPD conducted a prostitution sting in the area of Mobile Highway in Montgomery, Alabama.

9. As a result of the sting, undercover MPD police officers arrested ten (10) women for prostitution for allegedly offering sex for money. These ten (10) women were booked into the City Jail, fingerprinted and photographed.

10. Plaintiff Gwendolyn McQuirter was not one of the ten women arrested for prostitution.

11. For some unknown reason, instead of using the booking photographs of the ten (10) women who were actually arrested, Defendant Bentley obtained Plaintiff Gwendolyn McQuirter's drivers license photograph and other identifying information

from her motor vehicle record and turned this information over to Defendant Cook for dissemination to the local media concerning the arrests.

12. On or about September 15, 2006, Defendant Cook released Plaintiff Gwendolyn McQuirter's photograph and other identifying information to local media, to include but not limited to: the Montgomery Advertiser, Channel 8 - WAKA (hereinafter referred to as "WAKA") and Channel 12 – WSFA (hereinafter referred to as "WSFA"), and, in some form, either orally and/or in writing, reported to these media outlets that each of the women identified, including Plaintiff Gwendolyn McQuirter, had been arrested and charged with the crime of prostitution.

13. WAKA and WSFA ran stories concerning the arrests on September 17, 18 & 19, 2006, and showed Plaintiff Gwendolyn McQuirter's photograph as well as identifying her by name as one of the individuals arrested for prostitution. Each of these televised broadcasts were seen by thousands of viewers.

14. The Montgomery Advertiser also published a story concerning the arrests on September 17, 2006, and directed readers to view photographs of the suspects, to include Plaintiff Gwendolyn McQuirter, on its website – montgomeryadvertiser.com. On information and belief, thousands of persons viewed the information concerning Plaintiff Gwendolyn McQuirter on this website.

15. Once Plaintiffs learned of the media reports from friends and neighbors, immediate contact was made with the MPD and Plaintiff Gwendolyn McQuirter's information, including her photograph, was removed from the Montgomery Advertiser's website.

16. The words published by Defendant City of Montgomery accusing Plaintiff Gwendolyn McQuirter of engaging in prostitution, were false and untrue.

17. That over five days before the commencement of this action Plaintiff Gwendolyn McQuirter made a written demand upon Defendant City of Montgomery, its employees/agents,

3

for a public correction and retraction of the defamatory accusations as set forth herein.

18. Defendants City of Montgomery, Bentley and Cook, failed or refused to correct and retract in as prominent and public place or manner a full and fair retraction of the false allegations, within the time and manner provided by §§ 6-5-184 to 6-5-186, *Code of Alabama* (1975).

19. Prior to the filing of this action, Plaintiffs filed itemized and verified claims with Defendant City of Montgomery as dictated by Alabama law. Said claims were denied on January 29, 2007.

**WHEREFORE, THE PREMISES CONSIDERED**, Plaintiffs demand judgment as follows:

a) compensatory and punitive damages against Defendants City of Montgomery, Bentley and Cook, in excess of $10,000,000.00; &

b) Plaintiffs' further request and award of costs, attorney's fees and such other relief as may be just and proper.

### Count I – Negligence

20. Plaintiffs expressly adopt as it set forth fully herein the allegations of 1-19 above.

21. Defendants Cook and Bentley had a duty to ensure the accuracy of the information released to the media concerning Plaintiff Gwendolyn McQuirter's claimed arrest for prostitution.

22. Defendants Cook and Bentley breached their duty of care in notifying the local media that Plaintiff Gwendolyn McQuirter had been arrested for prostitution.

23. Said misstatements resulted from neglect, carelessness or unskillfulness on Defendants Cook and Bentley's parts.

24. Defendant City of Montgomery is liable for Defendants Cook and Bentley's actions pursuant to § 11-47-190, *Code of Alabama* (1975).

25. As a direct and proximate result of Defendants Cook and Bentley's negligence, Plaintiff Gwendolyn McQuirter has been injured/damaged.

### Count II – Intention Infliction of Emotional Distress

26. Plaintiffs expressly adopt as it set forth fully herein the allegations of 1-25 above.

27. Plaintiff Gwendolyn McQuirter avers that the conduct of Defendants Cook and Bentley was intended to or substantially certain to cause emotional distress.

28. Plaintiff Gwendolyn McQuirter avers that the conduct complained of herein was so outrageous and extreme that it went beyond all bounds of decency and was atrocious and utterly intolerable in a civilized society.

29. Plaintiff Gwendolyn McQuirter avers that no reasonable person could be expected to endure such conduct and that she thereby suffered extreme, severe emotional distress as a direct result of the actions of Defendants Cook and Bentley.

### Count III – Libel Per Se

30. Plaintiffs expressly adopt as if fully set forth herein the allegations of paragraphs 1-29 above.

31. Prostitution is an indictable offense pursuant to §13A-12-210, et seq., *Code of Alabama* (1975).

32. The malicious, unlawful, unprivileged, and false accusations of prostitution by Defendants Cook and Bentley exposed Plaintiff Gwendolyn McQuirter to public ridicule or contempt.

33. As a direct and proximate result of the false, wrongful, and malicious accusations by Defendant Cook and Bentley, Plaintiff Gwendolyn McQuirter has been disgraced; Plaintiff's

5

good name and character tarnished; and Plaintiff has suffered embarrassment, humiliation, shame and mental anguish.

### Count IV – Slander Per Se

34. Plaintiffs expressly adopt as if fully set forth herein the allegations of paragraphs 1-33 above.

35. Prostitution is an indictable offense involving infamy or moral turpitude.

36. The malicious, unlawful, unprivileged, and false oral accusation(s) of prostitution by Defendants Cook and Bentley exposed Plaintiff Gwendolyn McQuirter to disgrace, ridicule, odium, and contempt in the estimation of friends and acquaintances, and the public, with resulting damage to her reputation.

37. As a direct and proximate result of the false, wrongful, and malicious accusations by Defendants Cook and Bentley, Plaintiff Gwendolyn McQuirter has been disgraced; Plaintiff's good name and character tarnished; and Plaintiff has suffered embarrassment, humiliation, shame and mental anguish.

### Count V – Invasion of Privacy

38. Plaintiffs expressly adopt as if fully set forth herein the allegations of paragraphs 1-37 above.

39. The allegations made by Defendant Cook and Bentley placed Plaintiff Gwendolyn McQuirter in a false-light in the public eye.

40. Said invasion of privacy was intentional and was done in such a manner as to cause outrage or mental suffering, shame, or humiliation to Plaintiff Gwendolyn McQuirter.

41. As a direct and proximate result of Defendants Cook and Bentley's actions, Plaintiff Gwendolyn McQuirter has been injured.

**Count VI – Loss of Consortium**

42. Plaintiffs expressly adopt as if fully set forth herein the allegations of paragraphs 1-41 above.

43. As a direct and proximate result of Defendants Cook and Bentley's actions, Plaintiff Charles McQuirter has been deprived of conjugal fellowship, the right of company, society, co-operation, affection, and aid of Plaintiff Gwendolyn McQuirter, as existed prior to the date of the events complained of herein.

44. As a direct and proximate result of Defendants Cook and Bentley's actions as described herein, Plaintiff Charles McQuirter has sustained injuries/damages.

**Count VII – Violation of Driver Privacy Protection Act**

45. Plaintiffs expressly adopt as if set forth fully herein the allegations of paragraphs 1-44 above.

46. The Driver Privacy Protection Act ("DPPA"), codified at 18 U.S.C. § 2721-2725, created a statutory right to privacy in motor vehicle record information.

47. The DPPA prohibits the release of personal information contained in individual motor vehicle records for any use not permitted under §2721(b) of the DPPA, without the express consent of the person to whom such personal information pertains.

48. Plaintiff Gwendolyn McQuirter avers that Defendants Cook and Bentley's wrongful actions, in obtaining her drivers license photograph and other information from her motor vehicle record, and releasing this information to the media and the general public, was not a permissible use under the DPPA and was violative of the DPPA, and was done without her consent or authorization.

49. Plaintiff Gwendolyn McQuirter avers that the DPPA was enacted and designed to protect the class of persons that include Plaintiff Gwendolyn McQuirter and was designed to prevent the type of harm suffered by Plaintiff.

50. As a direct and proximate result of Defendants Cook and Bentley's actions as described herein, Plaintiff Gwendolyn McQuirter has sustained injuries/damages.

### Count VIII - 42 U.S.C. § 1983

51. Plaintiffs expressly adopt as if set forth fully herein the allegations of paragraphs 1-50 above.

52. The violations of the DPPA as alleged in ¶¶ 45-50, were committed by Defendants Cook and Bentley under color of state law.

53. Defendants Cook and Bentley's actions violated the statutory right to privacy granted to Plaintiff Gwendolyn McQuirter by the DPPA.

54. Defendants Cook and Bentley's actions in violating the DPPA deprived Plaintiff Gwendolyn McQuirter of rights secured by federal law and, as such, is actionable under 42 U.S.C. § 1983.

55. As a direct and proximate result of Defendants Cook and Bentley's actions, which Plaintiff Gwendolyn McQuirter alleges was committed maliciously and willfully, Plaintiff Gwendolyn McQuirter has been injured/damaged.

**PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL CLAIMS.**

**RESPECTFULLY SUBMITTED** on this the 3rd day of July, 2007.

/s/ Jerry M. Blevins
JERRY M. BLEVINS (BLE003)
Attorney for Plaintiffs

OF COUNSEL:
Law Office of Jerry M. Blevins
Hillwood Office Center
2800 Zelda Road, Suite 200-3
Montgomery, Alabama 36106
(334) 262-7600 (Voice)
(334) 262-7644 (Fax)
E-Mail: ATTYJMBlev@aol.com

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on the 3rd day of July, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following parties or counsel:

        Kimberly O. Fehl, Esq.
        Legal Department
        City of Montgomery                    .
        P.O. Box 1111
        Montgomery, Alabama 36101-1111


        <u>/s/ Jerry M. Blevins</u>
        Jerry M. Blevins