IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GWENDOLYN P. MCQUIRTER & <br> CHARLES E. MCQUIRTER, <br> <br> Plaintiffs, <br> <br> v. <br> <br> CITY OF MONTGOMERY, a <br> municipal corporation, K.C. Bentley <br> and Ron Cook, <br> <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CASE NO.  2:07-cv-00234-MEF-WC <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## ANSWER OF DEFENDANTS TO PLAINTIFFS' SECOND AMENDED COMPLAINT

**COME NOW** Defendants, City of Montgomery, K.C. Bentley and Ron Cook and as Answer to the Plaintiff's Second Amended Complaint state unto the Court the following:

### PARTIES

1. Defendants deny the allegations in paragraph 1 of the Second Amended Complaint and demand strict proof thereof.

2. Defendants deny the allegations in paragraph 2 of the Second Amended Complaint and demand strict proof thereof.

3. Admitted.

4. Admitted.

5. Admitted.

### JURISDICTION

1

6. Admitted.

## FACTUAL ALLEGATIONS

7. Defendants adopt and incorporate the answers and responses in paragraphs 1-6 as if fully set out herein and deny any remaining allegations in paragraph 7 of the Second Amended Complaint and demand strict proof thereof.

8. Admitted.

9. Defendants admit that MPD officers arrested and charged ten women with prostitution but deny the remaining allegations in paragraph 9 of the Second Amended Complaint and demands strict proof thereof.

10. Admitted.

11. Defendants deny the allegations in paragraph 11 of the Second Amended Complaint and demand strict proof thereof.

12. Defendants deny the allegations in paragraph 12 of the Second Amended Complaint and demand strict proof thereof.

13. Defendants deny the allegations in paragraph 13 of the Second Amended Complaint and demand strict proof thereof.

14. Defendants deny the allegations in paragraph 14 of the Second Amended Complaint and demand strict proof thereof.

15. Defendants admit that employees of the Montgomery Police Department were contacted and the photograph of Gwendolyn McQuirter was retracted by MPD. Defendants deny any remaining allegations in paragraph 15 of the Second Amended Complaint and demand strict proof thereof.

16. Defendants deny the allegations in paragraph 16 of the Second Amended Complaint and

demand strict proof thereof.

17. Defendants deny the allegations in paragraph 17 of the Second Amended Complaint and demand strict proof thereof.

18. Defendants deny the allegations in paragraph 18 of the Second Amended Complaint and demand strict proof thereof.

19. Defendants deny the allegations in paragraph 19 of the Second Amended Complaint and demand strict proof thereof.

## COUNT I – NEGLIGENCE

20. Defendants adopt and incorporate the answers and responses in paragraphs 1-19 as if fully set out herein and deny any remaining allegations in paragraph 20 of the Second Amended Complaint and demands strict proof thereof.

21. Defendants deny the allegations in paragraph 21 of the Second Amended Complaint and demand strict proof thereof.

22. Defendants deny the allegations in paragraph 22 of the Second Amended Complaint and demand strict proof thereof.

23. Defendants deny the allegations in paragraph 23 of the Second Amended Complaint and demand strict proof thereof.

24. Defendants deny the allegations in paragraph 24 of the Second Amended Complaint and demand strict proof thereof.

25. Defendants deny the allegations in paragraph 25 of the Second Amended Complaint and demand strict proof thereof.

## COUNT II – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

26. Defendants adopt and incorporate the answers and responses in paragraphs 1-25 as if

fully set out herein and deny any remaining allegations in paragraph 26 of the Second Amended Complaint and demand strict proof thereof.

27. Defendants deny the allegations in paragraph 27 of the Second Amended Complaint and demand strict proof thereof.

28. Defendants deny the allegations in paragraph 28 of the Second Amended Complaint and demand strict proof thereof.

29. Defendants deny the allegations in paragraph 29 of the Second Amended Complaint and demand strict proof thereof.

### COUNT III – LIBEL PER SE

30. Defendants adopt and incorporate the answers and responses in paragraphs 1-29 as if fully set out herein and deny any remaining allegations in paragraph 30 of the Second Amended Complaint and demand strict proof thereof.

31. Admitted

32. Defendants deny the allegations in paragraph 32 of the Second Amended Complaint and demand strict proof thereof.

33. Defendant denies the allegations in paragraph 33 of the Second Amended Complaint and demands strict proof thereof.

### COUNT IV – SLANDER PER SE

34. Defendants adopt and incorporate the answers and responses in paragraphs 1-33 as if fully set out herein and denies any remaining allegations in paragraph 34 of the Second Amended Complaint and demand strict proof thereof.

35. Defendants deny the allegations in paragraph 35 of the Second Amended Complaint and demand strict proof thereof.

36. Defendants deny the allegations in paragraph 36 of the Second Amended Complaint and demand strict proof thereof.

37. Defendants deny the allegations in paragraph 37 of the Second Amended Complaint and demand strict proof thereof.

### COUNT V - INVASION OF PRIVACY

37. Defendants adopt and incorporate the answers and responses in paragraphs 1-36 as if fully set out herein and deny any remaining allegations in paragraph 37 of the Second Amended Complaint and demand strict proof thereof.

38. Defendants deny the allegations in paragraph 38 of the Second Amended Complaint and demand strict proof thereof.

39. Defendants deny the allegations in paragraph 39 of the Second Amended Complaint and demand strict proof thereof.

40. Defendants deny the allegations in paragraph 40 of the Second Amended Complaint and demand strict proof thereof.

41. Defendants deny the allegations in paragraph 41 of the Second Amended Complaint and demand strict proof thereof.

### COUNT VI – LOSS OF CONSORTIUM

42. Defendants adopt and incorporate the answers and responses in paragraphs 1-41 as if fully set out herein and deny any remaining allegations in paragraph 42 of the Second Amended Complaint and demand strict proof thereof.

43. Defendants deny the allegations in paragraph 43 of the Second Amended Complaint and demand strict proof thereof.

44. Defendants deny the allegations in paragraph 44 of the Second Amended Complaint

and demand strict proof thereof.

### COUNT VII – VIOLATION OF DRIVER PRIVACY PROTECTION ACT

45. Defendants adopt and incorporate the answers and responses in paragraphs 1-44 as if fully set out herein and deny any remaining allegations in paragraph 45 of the Second Amended Complaint and demand strict proof thereof.

46. Defendants deny the allegations in paragraph 46 of the Second Amended Complaint and demand strict proof thereof.

47. Defendants deny the allegations in paragraph 47 of the Second Amended Complaint and demand strict proof thereof.

48. Defendants deny the allegations in paragraph 48 of the Second Amended Complaint and demand strict proof thereof.

49. Defendants deny the allegations in paragraph 49 of the Second Amended Complaint and demand strict proof thereof.

50. Defendants deny the allegations in paragraph 50 of the Second Amended Complaint and demand strict proof thereof.

### COUNT VIII – 42 U.S. C. § 1983

51. Defendants adopt and incorporate the answers and responses in paragraphs 1-50 as if fully set out herein and deny any remaining allegations in paragraph 51 of the Second Amended Complaint and demand strict proof thereof.

52. Defendants deny the allegations in paragraph 52 of the Second Amended Complaint and demand strict proof thereof.

53. Defendants deny the allegations in paragraph 53 of the Second Amended Complaint and demand strict proof thereof.

54. Defendants deny the allegations in paragraph 54 of the Second Amended Complaint and demand strict proof thereof.

55. Defendants deny the allegations in paragraph 55 of the Second Amended Complaint and demand strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendants plead the general issue. Defendants generally deny all material allegations of the Second Amended Complaint and deny that Plaintiffs are entitled to any relief.

### SECOND AFFIRMATIVE DEFENSE

Defendants aver that Plaintiffs' Second Amended Complaint and each count and cause thereof fails to state a cause of action against Defendants upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

Defendants plead that there is no evidence of a policy or practice adopted which violated Plaintiffs' constitutional rights nor do Defendants have a policy or custom which is unconstitutional.

### FOURTH AFFIRMATIVE DEFENSE

Defendants aver that Plaintiffs' intentional tort claims against the City of Montgomery must be dismissed because the City cannot be liable for the alleged intentional torts of its employees and representatives. Ala. Code §11-47-190 (1975); *Cremeens v. City of Montgomery*, 779 So.2d 1190, 1201 (Ala. 2000)("A municipality -cannot be held liable for the intentional torts of its employees").

### FIFTH AFFIRMATIVE DEFENSE

Defendants plead qualified immunity and discretionary function immunity pursuant to *ALA. Code* §6-5-338(a) – (b) (1975).

**SIXTH AFFIRMATIVE DEFENSE**

Defendants plead that Plaintiffs' claims pursuant to a respondeat superior theory are due to be dismissed. A municipality is liable only for its own wrongs and cannot be liable under the theory of respondeat superior. *Monell v. Department of Social Services of New York City*, 436 U.S. 658, 694 (1978).

**SEVENTH AFFIRMATIVE DEFENSE**

Defendants pleads state actor immunity pursuant to the Eleventh Amendment of the Constitution of the United States and Article I § 14, Constitution of Alabama (1901), sovereign and/or substantive immunity.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendants plead that their actions or practices did not cause a violation of Plaintiffs' constitutional rights.

**NINTH AFFIRMATIVE DEFENSE**

Defendants plead Alabama's statutory cap on damages. *ALA. Code §§* 11-47-190 and 11-93-2. (1975).

**TENTH AFFIRMATIVE DEFENSE**

Defendants plead immunity from punitive damages.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendants plead insufficiency of process and insufficiency of process of service.

**TWELFTH AFFIRMATIVE DEFENSE**

Defendants plead fraud, wantonness, criminal or other intentional acts which proximately caused or contributed to the injuries or damages they claim.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendants plead that Plaintiffs are not entitled to damages for emotional distress and suffering from them for the actions alleged under the circumstances stated.

### RESERVATION OF RIGHTS

Defendants reserve the right to amend these affirmative defenses as allowed by the Court.

Respectfully submitted this the 16th day of July, 2007.

/s/ Kimberly O. Fehl
Kimberly O Fehl (FEH001)

**OF COUNSEL:**
Legal Department
City of Montgomery
Post Office Box 1111
Montgomery, Alabama  36101-1111
(334) 241-2050
(334) 241-2310 (fax)

### CERTIFICATE OF SERVICE

I hereby certify that foregoing has been served upon the following by electronic filing or by U. S. Mail, postage prepaid on this 16th day of July, 2007:

>Jerry M. Blevins, Esq.
>Law Office of Jerry M. Blevins
>Hillwood Office Center
>2800 Zelda Road, Suite 200-3
>Montgomery, Alabama 36106

/s/ Kimberly O. Fehl

Of Counsel