**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **GWENDOLYN P. MCQUIRTER**, and **CHARLES E. MCQUIRTER**, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| **CITY OF MONTGOMERY**, **K.C. BENTLEY**, and **RON COOK**, | ) ) ) |
| Defendants and Third-Party Plaintiffs, | ) ) |
| v. | ) Case No. **2:07-cv-234-MEF-WC** ) |
| **TIFFANY MICHELE RILEY**, and **ROOSEVELT PERKINS**, | ) ) ) |
| Third-Party Defendants. | ) |

**MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS,**
**CITY OF MONTGOMERY, K.C. BENTLEY AND RON COOK**

Pursuant to Rule 56 of the *Federal Rules of Civil Procedure*, Defendants City of Montgomery ("the City"), Cpl. K. C. Bentley ("Bentley") and Lt. Ron Cook ("Cook"), by and through the undersigned attorney, move the Court for summary judgment. The undisputed facts and applicable law show that there is no genuine issue as to any material fact. As moving party, Defendants are entitled to judgment as a matter of law.

In support of the Motion for Summary Judgment, Defendants rely on the following:

    1.   Complaint and Amended Complaints;

    2.  Answers of Defendants, City of Montgomery, K. C. Bentley and Ron Cook to Complaint and Amended Complaints;

    3.    Plaintiffs Answers to Defendants First Set of Interrogatories;

    4.    Third Party Complaint;

    5.    Defendants Motion for Summary Judgment with Defendants' Response to Plaintiff Gwendolyn McQuirter's Motion for Partial Summary Judgment and Memorandum of Law in Support of Summary Judgment with the following evidentiary submissions:

> *DX 1, Cpl. K.C. Bentley Deposition Excerpts*
>
> *DX 2, Lt. Ron Cook Deposition Excerpts*
>
> *DX 3, Captain Huey D. Thornton Affidavit*
>
> *DX 4, Verified Claim of Gwendolyn and Charles McQuirter*
>
> *DX 5, Lt. Mark Drinkard Affidavit*
>
> *DX 6, Pat Murphy Affidavit with Certified Municipal Court Records*
>
> *DX 7, Plaintiff Gwendolyn McQuirter's Answers to Defendants First Set of Interrogatories*

Defendants Cpl. Bentley and Lt. Cook did not violate the Drivers Privacy Protection Act ("DPPA"), codified at 18 U.S.C. §2721 - 2725. The actions of Bentley and Cook were within their discretionary authority in the line and scope of their law enforcement duties and permitted by §2721(b)(1) of the DPPA. Plaintiffs submit only conclusory allegations that no law enforcement function was served by Defendants Bentley and Cook. Conclusory allegations cannot interpose genuine issues of material fact into the litigation so as to preclude entry of summary judgment. *Fed.Rules Civ.Proc.* Rule 56 (c).

Defendants Bentley and Cook are entitled to qualified immunity. To be entitled

to qualified immunity, a defendant must prove that he was "acting within the scope of his discretionary authority" when the allegedly wrongful acts occurred. *Gray ex rel. Alexander v. Bostic,* 458 F.3d 1295, 1303 (11th Cir. 2006). In assessing whether a defendant's challenged actions are within the scope of his discretionary authority, courts examine "whether the government employee was (a) pursuing a legitimate job-related function (that is, pursuing a job-related goal), (b) through means that were within his power to utilize." *Holloman ex rel. Holloman v. Harland,* 370 F.3d 1252, 1265 (11th Cir. 2004). Defendants Bentley and Cook were acting within the line and scope of their discretionary authority and therefore are entitled to qualified immunity.

Bentley and Cook are also entitled to state-agent immunity pursuant to section 6-5-338, *Code of Alabama*, 1975 which statutorily provides law enforcement officers with immunity from state law tort claims arising out of acts committed while the law enforcement officers engage in the performance of discretionary functions.

The event at issue in this case is precisely the situation for which discretionary function immunity under § 6-5-338 and qualified immunity under § 1983 were designed. Those statutes protect police and municipal officials from tort liability when acting within the line and scope of their duties.

The publication of the information released by Defendants was a fair and impartial report of an official investigation and prostitution detail by MPD and subject to the privilege provided by § 13A-11-161.

For liability pursuant to 42 U.S.C. § 1983 to attach to a municipality, it must be shown that the municipal official or employee caused the deprivation of one's statutory or constitutional rights by acting pursuant to official governmental policy. McQuirter has

3

alleged a § 1983 claim for violation of the DPPA. However, there is nothing to support such a claim that Defendant officers violated said statute. Bentley and Cook were acting in the line and scope of their duties as police officers carrying out law enforcement functions.

*ALA. Code* §11-47-190 (1975) provides that an action against a municipality may only lie for the "neglect, carelessness, or unskillfulness" of its agents. The City may claim immunity and not be held liable for wanton and intentional acts of its agents in accordance with both statutory and case law. *Hilliard v. City of Huntsville*, 585 So. 2d 889 (Ala. 1991). Additionally, Section 6-5-338(b), *Code of Alabama*, 1975 provides "immunity not only to peace officers but governmental units and agencies authorized to appoint peace officers."

Defendants further submit that Plaintiff has failed to present substantial evidence from which fair-minded persons could reasonably infer the existence of facts necessary to prove any of Plaintiff's claims. Summary Judgment in favor of Defendants City of Montgomery, K.C. Bentley and Ron Cook is proper and all claims against them should be dismissed.

Respectfully submitted this 30th day of October, 2007.

/s/ Kimberly O. Fehl
Kimberly O. Fehl (FEH001)

OF COUNSEL:
City of Montgomery
City Attorney's Office
P. O. Box 1111
Montgomery, AL 36101-1111
Telephone:  (334) 241-2050
Facsimile:  (334) 241-2310

4

## CERTIFICATE OF SERVICE

I hereby certify that foregoing has been served upon the following with PACER/electronic filing or by U. S. Mail, postage prepaid on this 30th day of October, 2007:

>Jerry M. Blevins, Esq.
>Law Office of Jerry M. Blevins
>Hillwood Office Center
>2800 Zelda Road, Suite 200-3
>Montgomery, Alabama 36106
>
>Tiffany Michele Riley
>846 Corbett Street
>Montgomery, Alabama 36108
>
>Roosevelt Perkins
>3430 Gaston Avenue
>Montgomery, Alabama 36105

/s/ Kimberly O. Fehl
Of Counsel