IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| GWENDOLYN P. MCQUIRTER, | ) | |
| et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CASE NO.: 2:07-cv-00234-MEF-WC |
| | ) | |
| CITY OF MONTGOMERY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>PLAINTIFF GWENDOLYN MCQUIRTER'S  REPLY BRIEF TO DEFENDANTS K.C.
BENTLEY AND RON COOK'S  RESPONSE TO MOTION FOR PARTIAL
SUMMARY JUDGEMENT ON COUNTS VII (Violation of Driver Privacy
Protection Act), & VIII (42 U.S.C. §1983)</u>**

   **COMES NOW** Plaintiff Gwendolyn P. McQuirter, by and through her undersigned counsel,

and files her Reply Brief to Defendants K.C. Bentley and Ron Cook's Response to Plaintiff

Gwendolyn McQuirter's Motion for Partial Summary Judgment on Counts VII (Violation of

Driver Privacy Protection Act) and VIII (42 U.S.C. §1983) of Plaintiff's Second Amended

Complaint, and say's as follows:

<u>Obtaining Photograph</u>

   Defendants contend that in obtaining Plaintiff Gwendolyn McQuirter's drivers license

photograph through LETS, Defendant Bentley was carrying out a law enforcement function as

permitted in § 2721(b)(1) of the DPPA. (Doc. 33, p. 14). The "law enforcement function" cited

by Defendants was the requirement that Defendant Bentley include a photo of the person arrested

with the name, date of arrest, location of arrest, the specific charge and person's criminal history

from the NCIC, in her daily activity report that had to be provided to her captain and major.

(Doc. 33, pp. 13-14).

   Admittedly, the Act, nor case law, specifies exactly what activity by law enforcement is

1

encompassed within the language "carrying out its functions", as noted by Defendants. (Doc. 33, p. 11). However, Plaintiff contends that implicit in § 2721(b)(1) is the requirement that a legitimate law enforcement purpose exist in order for the accessing of drivers license information. Only when a legitimate purpose exists can law enforcement be deemed to be "carrying out its functions", otherwise, any and all actions by law enforcement could arguably be deemed to be covered by this section.

In the present matter, it is undisputed that booking photographs of the persons actually arrested for prostitution were taken on September 15, 2006. (see Doc. 31, – Booking Photographs, & Doc. 31, Ex. 5, Interrogatory 2, and Booking Photographs attached thereto). While Bentley contends that she did no have access to these photos because the AS-400 system was inoperable, and that the photographs of all of the women arrested, with the exception of Plaintiff's, were retrieved from the AS-400 system from prior arrests, the photos themselves disprove these assertions. (Doc. 31 – Ex. 1, p. 99, line 2 to p. 100, line 2; Doc. 31 – Ex. 1, p. 105, lines 18-22). The Court will note that the booking photograph of Cynthia Ann Andersen, is the identical photograph released to the media. (Doc. 31, see Booking Photographs and Copy of Material Released to Media). Thus, contrary to Defendant Bentley's sworn testimony, Defendant Bentley did have access to the booking photographs and the credibility of her testimony on this material issue has been impeached. As such, it is within the province of this Court, and the jury, to give Defendant Bentley's testimony such credibility or weight, if any, as the Court or the jury may think it deserves. *U.S. v. McDonald*, 620 F.2d 559, C.A. 5 (Ala.), July 03, 1980 (No. 79-5257).

Accepting as a fact that Defendant Bentley did have access to the booking photographs, including Riley's, beckons the question – what legitimate law enforcement purpose existed, and what law enforcement function was being carried out, at the time Defendant Bentley obtained Plaintiff's photo through LETS? Plaintiff suggests that no legitimate purpose existed. Absent a legitimate purpose, Defendant Bentley could not be deemed to be "carrying out (her) functions"

in accessing and retrieving Plaintiff's driver's license photo.

Finally, it cannot be overlooked in this case, that it was Defendant Bentley's wrongful retrieval of Plaintiff's drivers license photo that precipitated the photograph being released to numerous local media outlets who published the photograph along with the false accusation that Plaintiff had been arrested for prostitution. (Doc. 31, ¶¶ 24-28).

<u>Release of Photo to Media</u>

Defendants further argue that the release of Plaintiff's photograph to numerous media outlets, was authorized by §2721(b)(1) of the DPPA. Defendants suggest that Defendant Cook's action of submitting selected public information and photographs to the media regarding incidents of public interest of a law enforcement special detail or to expose a public safety issue is a legitimate law enforcement and crime prevention strategy and a routine duty for the public information officer. (Doc. 34, p. 15).

Even assuming arguendo that Defendant Bentley's retrieval of Plaintiff's driver's license photo was authorized, Defendant Cook's release of the photograph to local media outlets was in clear violation of the express dictates of §§ 2721(b) & (c). Section 2721(c) of the DPPA specifically addresses the resale or <u>redisclosure of information</u> obtained from a motor vehicle report record, as follows:

> **"(c) Resale or redisclosure.** – An authorized recipient of personal information (except a recipient under subsection (b)(11) or (12)) may sell or *redisclose the information only for a use permitted under subsection (b)* (but not for uses under subsection (b)(11) or (12)). . ." (italics added).

Subsection (b) reads, in relevant part, as follows:

> **"(b)  Permissible uses**. – Personal information referred to in subsection (a) shall be disclosed for use in connection with matters of motor vehicle or driver safety and theft, motor vehicle emissions, motor vehicle product alterations, recalls, or advisories, performance monitoring of motor vehicles and dealers by motor vehicle manufacturers, and removal of non-owner records from the

original owner records of motor vehicle manufacturers to carry out
the purpose of titles I and IV of the Anti Car Theft Act of 1992, the
Automobile Information Disclosure Act (15 U.S.C. 1231 et seq.),
the Clean Air Act (42 U.S.C. 7401 et seq.), and chapters 301, 305,
and 321-331 of title 49, and, subject to subsection (a)(2), may be
disclosed as follows:

> **(1)** For use by any government agency, including any court
> or law enforcement agency, in carrying out its
> functions, . . "

Assuming Defendants were "authorized recipients" of Plaintiff's photo, §§ 2721(b) & (c)

expressly limits redisclosure of the photo by Defendants for uses involving those matters set forth

in § 2721(b), and to other government agencies, including any court or law enforcement agency,

in carrying out its functions, pursuant to § 2721(b)(1). Nowhere in the Act is redisclosure

authorized to private media outlets.

Despite the clear violation §§ 2721(b) & (c), Defendants contend that because the

Congressional hearing transcripts concerning the DPPA indicate that Sen. Harkin *suggested* that §

2721(b)(1) "should be interpreted so as not to in any way restrict or hinder law enforcement and

crime prevention strategies," even when those strategies might include releasing personal

information to the general public, the release of Plaintiff's photo was permitted under § 2721

(b)(1). (Doc. 34, pp. 12-13). However, Defendants have not asserted, nor do they contend, that the

statute in question is ambiguous in any respects. To the contrary, §§ 2721(b) & (c) on their face

are clear and unambiguous.

In-fact, Defendants' attempt to look past the plain language of §§ 2721(b) & (c) in reliance on

the legislative history violates a basic principle of statutory interpretation. "[W]hen the statute's

language is plain, the sole function of the courts – at least where the disposition required by the

4

text is not absurd – is to enforce it according to its terms." *Hartford Underwriters Ins Co. v. Union Planters Bank*, 530 U.S. 1, 6, 120 S.Ct. 1942, 1947, 147 L.Ed.2d 1 (2000)(citations and internal quotations omitted).  The starting point for interpreting a statute is the language of the statute itself. Absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive. *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980). Review of legislative history is unnecessary unless a statute is inescapably ambiguous. *United States v. Veal*, 153 F.3d 1233, 1245 (11th Cir. 1998).

As shown above, §§ 2721(b) & (c) clearly limits and restricts Defendants' <u>redisclosure</u> of Plaintiff's photo for uses involving those matters set forth in § 2721(b), and to other government agencies, including any court or law enforcement agency, in carrying out its functions, pursuant to § 2721(b)(1).  When the language of a statute is entirely clear; and if that is not what Congress meant then Congress has made a mistake and Congress will have to correct it. *CBS Inc. v. PrimeTime 24 Joint Venture*, 245 F.3d 1217, 1228 (11th Cir. 2001).  As it stands, it is without question that Defendants violated §§ 2721(b) & (c) in <u>redisclosing</u> Plaintiff's photograph to private media outlets.

## <u>CONCLUSION</u>

For the reasons set forth herein, Plaintiff is entitled to a partial summary judgment against Defendant K.C. Bentley on Counts VII (Violation of DPPA) and VIII (42 U.S.C. § 1983), relative to the wrongful retrieval of Plaintiff's drivers license photo. Plaintiff is further entitled to a partial summary judgment against Defendant Ron Cook on Counts VII (Violation of DPPA) and VIII (42 U.S.C. § 1983), relative to the unauthorized release of Plaintiff's photo to private

media outlets.


/s/ Jerry M. Blevins
JERRY M. BLEVINS (BLE003)
Counsel for Plaintiffs


OF COUNSEL:
Law Office of Jerry M. Blevins
Hillwood Office Center
2800 Zelda Road, Suite 200-3
Montgomery, Alabama 36106
(334) 262-7600 (Voice)
(334) 262-7644 (Fax)
E-Mail: ATTYJMBlev@aol.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 5th day of November, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following parties or counsel:

        Kimberly O. Fehl, Esq.
        Legal Department
        City of Montgomery        .
        P.O. Box 1111
        Montgomery, Alabama 36101-1111

        <u>/s/ Jerry M. Blevins</u>
        Jerry M. Blevins