IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GWENDOLYN P. MCQUIRTER, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) )   CASE NO.: 2:07-cv-00234-MEF-WC |
| CITY OF MONTGOMERY, et al., | ) ) ) |
| Defendants. | ) |

**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION**

**COME NOW** Defendants and submit this Reply to Plaintiffs' Opposition (Doc. 49):

1. Defendants' Objection (Doc. 48) is consistent with Defendants' position throughout the case, as stated in their summary judgment motion and as reiterated in the pretrial hearing held in chambers on January 31, 2008. During the pretrial hearing, the Court stated that both parties had issues to resolve based on the Plaintiffs' contention regarding custom or policy and Defendants contention regarding the privilege defense pursuant to *ALA. Code* 13-11-161 (1975). Defendants' counsel stated during the hearing that Defendants would withdraw the privilege defense from the Proposed Pretrial Order because it had not been affirmatively plead by Defendants in the Answer to the Second Amended Complaint.

2. During the hearing, Plaintiffs' counsel claimed that he had stated a proper claim against the city pursuant to 42 U.S.C. §1983. Defendants maintained that Plaintiffs never plead a custom or policy that would make the City liable pursuant to 42 U.S.C. §1983. Plaintiffs only first mentioned custom or policy in their response to Defendants' Motion for Summary Judgment after the issue had been raised by Defendants. Both the issue of custom or policy and the privilege defense were raised for the first time in the Motion for Summary Judgment and responses thereto and both issues should be treated the same. Neither party should be allowed to amend the pleadings by submitting their contentions in a proposed pretrial order.

3. Defendants did not agree to waive an objection to any contention submitted by Plaintiffs in their section of the joint proposed order. The withdrawal of the privilege defense in the amended proposed pretrial order was not intended as, nor should it be construed to be, a wholesale approval or adoption of Plaintiffs' contentions as set out therein. At best, the only approval by Defendants of anything submitted by the Plaintiffs can be found in the Stipulations by the Parties.

4. The undersigned has at all times considered the submitted document a proposed pretrial order, one which the Court would review for the pretrial hearing, and modify according to pleadings and amendments in the record before the Court. During the hearing, Defendants' Counsel agreed to withdraw the privilege defense because it was the only issue in the proposed pretrial order that had not been affirmatively plead in the pleadings and amendments in the record. Likewise, the final pretrial order should also conform to the pleadings of record with regard to Plaintiffs' contentions of custom or policy.

WHEREFORE, Defendants are not requesting the Court to consider a defense that has never been plead but rather that the Final Pretrial Order be restricted to matters contained only in the pleadings and that any mention of custom or policy pursuant to 42 U.S.C. § 1983 be removed or stricken prior to entry of the Final Pretrial Order.

Respectfully submitted this 6th day of February, 2008.

/s/ Kimberly O. Fehl
Kimberly O. Fehl (FEH001)

OF COUNSEL:
Legal Department
City of Montgomery
Post Office Box 1111
Montgomery, Alabama 36101-1111
(334) 241-2050
(334) 241-2310 (fax)

**CERTIFICATE OF SERVICE**

      I hereby certify that foregoing has been served upon the following by PACER/electronic filing or by U. S. Mail, postage prepaid on this 6th day of February, 2008:

    Jerry M. Blevins, Esq.
    Law Office of Jerry M. Blevins
    Hillwood Office Center
    2800 Zelda Road, Suite 200-3
    Montgomery, Alabama 36106

                          /s/ Kimberly O. Fehl
                          Of Counsel